**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

BUDRY HAENDAL AUGUSTE,

Petitioner,

v.

Case No. 1:26-cv-03419-MIS-LF

GEORGE DEDOS, in his official capacity as Warden of Cibola County Correctional Center; DAVID J. VENTURELLA, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; MARY DE ANDA-YBARRA, in her official capacity as Field Office Director, El Paso Field Office, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; MARKWAYNE MULLIN, in his official capacity as Secretary, U.S. Department of Homeland Security; and TODD BLANCHE, in his official capacity as Attorney General of the United States,

Respondents.

## ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

THIS MATTER is before the Court on Petitioner Budry Haendal Auguste's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"), ECF No. 1, filed October 13, 2026. The federal Respondents filed a Response on October 27, 2026 ("Response").[1] ECF No. 6. Upon review of the Parties' submissions, the record, and the relevant law, the Court will **DENY** the Petition.

[1] The Clerk's Office served all Respondents with the Petition pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26 mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026). ECF No. 3. However, as has become customary in these cases, the Warden did not respond to the Petition.

## I. Background

Petitioner is a citizen of Haiti who entered the United States on humanitarian parole on or about April 23, 2025. See Form I-213 at 2, ECF No. 6-1. His authorized period of parole expired June 12, 2025. Id. He subsequently filed an Application for Temporary Protected Status ("TPS") (which apparently was never granted), an Application for Employment Authorization (which was approved), and an Application for Asylum and for Withholding of Removal. Id. at 3.

On July 4, 2026, Petitioner attempted to go to Canada to claim asylum but was returned to the United States under the Safe Third Country Agreement program. Id. at 2-3. The same day, he was arrested by U.S. Immigration and Customs Enforcement ("ICE"), issued a Notice to Appear for removal proceedings, and placed in immigration detention. Id. at 3. He has been detained ever since, and is currently detained at the Cibola County Correctional Center in Milan, New Mexico. Pet. at 1-2.

According to the Executive Office for Immigration Review's Automated Case Information ("EOIR"), an Immigration Judge ordered Petitioner removed on September 21, 2026, indicating that his Application for Asylum and for Withholding of Removal was denied. See also Pet. at 2 (indicating that the Immigration Judge "revoked" Petitioner's asylum claim). Although Petitioner asserts that he appealed the Immigration Judge's order, id. at 2, 6, the EOIR does not reflect that his appeal was received by the Board of Immigration Appeals.

On October 13, 2026, Petitioner filed the instant Petition. ECF No. 1, to which Respondents filed a Response, ECF No. 6.

## II. Legal Standard

Federal courts possess authority to review the legality of executive detention through the writ of habeas corpus. Title 28, United States Code, section 2241 expressly authorizes courts to

issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Tenth Circuit has recognized that "[c]hallenges to immigration detention are properly brought directly through habeas." Soberanes v. Comfort, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001)). "The fundamental purpose of a § 2241 habeas proceeding is to allow a person in custody to attack the legality of that custody, and the traditional function of the writ is to secure release from illegal custody." Palma-Salazar v. Davis, 677 F.3d 1031, 1035 (10th Cir. 2012) (quotation marks omitted) (quoting McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997)).

## III. Discussion

Petitioner argues that his prolonged detention—now just over four months—violates his due process rights under the Fifth Amendment to the United States Constitution. Pet. at 6. He seeks immediate release or, alternatively, a constitutionally adequate bond hearing. Id. at 7.

Respondents argue that Petitioner is classified as an arriving alien under 8 U.S.C. § 1225(b)(2)(A) because he was arrested after his parole expired. Resp. at 2. They argue that pursuant to 8 U.S.C. § 1182(d)(5)(A), when parole ends, "the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States." Id. They argue that because he is classified as an arriving alien under Section 1225(b), he is subject to mandatory detention and not entitled to a bond hearing. Id. at 3-4.

The facts of this case are materially indistinguishable from those in Fevrier v. Castro, Case No. 2:26-cv-02860-MIS-JFR, 2026 WL 3001657 (D.N.M. Oct. 6, 2026). In Fevrier, the petitioner was a citizen of Haiti who had entered the United States on humanitarian parole. 2026 WL

3001657, at *1. When her parole expired (and her TPS status was terminated), she attempted to enter Canada to claim asylum. Id. Canadian officials refused her entry and returned her to the U.S. where she was arrested by ICE. Id. She filed a habeas petition arguing, inter alia, that she was entitled to a bond hearing. Id. at *2. The Court disagreed, finding, in relevant part:

> "'[a]n alien who has traveled abroad and seeks to reenter the country upon return is generally deemed to be seeking an admission into the United States . . . .'" Barrow v. Noem, No. 0:26-CV-1029, 2026 WL 445500, at *2 (D. Minn. Feb. 17, 2026) (quoting Vazquez Romero v. Garland, 999 F.3d 656, 660 (9th Cir. 2021), and collecting cases). Courts have concluded the same is true for noncitizens who leave the United States after the expiration of their parole and subsequently attempt to reenter the United States and are apprehended at the border. Abitih v. Wilkinson, No. 20-CV-6403, 2021 WL 733806, at *2 (W.D.N.Y. Feb. 25, 2021) (applying § 1225(b)); see also Svenin v. Casey, No. 25-CV-1865, 2025 WL 2917319, at *2 (S.D. Cal. Oct. 14, 2025) (alien paroled into the United States is "applicant for admission" after leaving and returning to United States); St. Charles v. Barr, 514 F. Supp. 3d 570, 578 (W.D.N.Y. 2021) (alien with temporary protected status was on the threshold of legal entry after leaving and returning to United States). Such holdings are consistent with the plain language of 8 C.F.R. § 212.5(e)(2). Section 212.5(e)(1) contains two provisions for the automatic expiration of parole, only one of which confers the processes of § 212.5(e)(2). 8 C.F.R. § 212.5(e)(1). Section 212.5(e)(1)(i) states that parole automatically expires when a noncitizen departs from the United States, as Petitioner did in this case, and does not confer the benefits of § 212.5(e)(2)'s procedure.
>
> The Court finds that Petitioner was properly classified as an arriving alien when she departed from the United States and then attempted to return shortly thereafter. The Court finds further that, as an arriving alien, Petitioner is subject to the mandatory detention procedure of § 1225(b). The Court further determines that her detention is not yet sufficiently prolonged as to be punitive. See Anzures-Ortega v. Warden, Otero Cnty. Prison Facility, No. 2:26-CV-02853-MIS-JHR, 2026 WL 2838762, at *1 (D.N.M. Sep. 22, 2026). The Court thus concludes that Petitioner's detention does not yet violate her Fifth Amendment due process rights.

Id. at *3.

The Court finds that this analysis applies here and adopts it. Petitioner was properly classified as an arriving alien when he departed from the United States and attempted to return shortly thereafter. Id. As such, he is subject to mandatory detention under Section 1225(b) and

not entitled to a bond hearing. Id. And his detention of just over four months is not sufficiently prolonged as to be punitive. Id. The Court will accordingly deny the petition without prejudice to filing a new petition when his detention becomes unconstitutionally prolonged, which this Court has deemed to be at six months. See Rasoli v. Mullin, Case No. 2:26-cv-01460-MIS-SCY, 2026 WL 1662615, at *3 (D.N.M. June 9, 2026) (citing Mardanpour v. Warden, Case No. 2:26-cv-00550-MIS-LF, 2026 WL 963164, at *3-8 (D.N.M. Apr. 9, 2026)).

## IV. Conclusion

Therefore, it is **HEREBY ORDERED** that the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 is **DENIED without prejudice**.

Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE